915 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory MARSHALL, Plaintiff-Appellant,
v.
James N. ROLLINS, Commissioner of Correction, Karen
Wouldridge, Defendants-Appellees.
 No. 90-6567.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1990.
Decided Oct. 16, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-90-300-JFM)
 Gregory Marshall, appellant pro se.
 D.Md.
 AFFIRMED AS MODIFIED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Maryland inmate Gregory Marshall appeals the district court's dismissal, pursuant to 28 U.S.C. Sec. 1915(d), of his complaint against the Commissioner of Corrections, the Warden of the Maryland Penitentiary, and a prison counselor. We affirm, but modify the judgment to a dismissal without prejudice.
 
 
 2
 Marshall's complaint, when considered alone, did not state facts that would avoid dismissal pursuant to Sec. 1915(d). See Neitzke v. Williams, 57 U.S.L.W. 4493, 4496 (U.S. May 1, 1989) (No. 87-1882). However, a pleading, which we construe to have been filed between the time the district court denied Marshall's motion for reconsideration and the date of entry of the order denying that motion, does contain specific and sufficient factual allegations. In that document, Marshall alleges that he was romantically involved with the estranged wife of one of the prison guards and that he was beaten on November 2 and 23, 1989, and on January 4, 1990, as a result of guards' resentment of the relationship. Marshall also contends that several false disciplinary charges were brought against him in retaliation for his purported relationship. These facts are sufficient to state a claim under 42 U.S.C. Sec. 1983.
 
 
 3
 Marshall also attempts to raise claims concerning his treatment at the Maryland Correctional Adjustment Center, where he was transferred following the last purported beating at the penitentiary. The district court correctly determined that those claims should be raised, if at all, in a separate action.
 
 
 4
 We affirm the lower court's decision but modify the judgment to a dismissal without prejudice to Marshall's right to refile the action alleging unlawful assault by prison guards. As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. Marshall's motion for appointment of counsel is denied.
 
 
 5
 AFFIRMED AS MODIFIED.